IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                             **Case No. 11-40032-01-RDR**

JERMAINE DEMETRIUS JACKSON,

        Defendant.

## O R D E R

This case is before the court upon defendant's unopposed motion for an extension of time to file pretrial motions. Defendant is charged with distribution of crack cocaine and conspiracy to do the same. He is detained pending trial.

The original deadline to file pretrial motions was May 31, 2011. Defense counsel relates that she has not had the opportunity to review the discovery in this case with her client, noting that she has been involved in a complex white collar case. Counsel states that consultation with defendant is necessary before determining whether to file pretrial motions and what pretrial motions to file.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

To make this determination, the court must consider the following factors "among others": 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case. However, the court finds that the denial of the requested continuance may deny counsel and defendant the time necessary to adequately consider whether to file pretrial motions and what pretrial motions to file, taking into account the exercise of due diligence. The court finds that the continuance is in the interests of the public and the parties because it may save time and money and facilitate a fair, just and efficient resolution of this matter. The court further finds that defendant is incarcerated pending trial. He is not a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in

the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and defendant shall be granted time until June 10, 2011 to file pretrial motions. The government shall have time until June 17, 2011 to respond to the motions. A hearing upon any motions filed shall be scheduled for June 23, 2011 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge